TIMOTHY S. CORY, ESQ.  E-filed December 4, 2009
Nevada Bar No. 1972
ADAM P. BOWLER, ESQ.
Nevada Bar No. 8383
**TIMOTHY S. CORY & ASSOCIATES**
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone (702) 388-1996
tim.cory@corylaw.us
adam.bowler@corylaw.us

Attorneys for the Debtor

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| IN RE: | **Case No. 09-24688-LBR** |
|---|---|
| Yakubik, William Joseph, and | Chapter 11 |
| Yakubik, Darcie Ann | |
| Debtor. | Date: November 16, 2009 |
| | Time: 1:30 p.m. |

**OPPOSITION TO MOTION OF CENTRAL MOTGAGE COMPANY
FOR RELIEF FROM THE AUTOMATIC STAY**

William Joseph and Darcie Yakubik, the above-captioned debtors (the "Debtors"), by and through their counsel, the law firm of Timothy S. Cory & Associates, hereby file this Opposition (this "Opposition") to the Motion of Central Mortgage Company for Relief From the Automatic Stay (the "Motion"). In support of this Opposition, the Debtor states as follows:

**I.    BACKGROUND**

1.    On August 12, 2009 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

1

2.     On November 19, 2009, Central Mortgage Company ("Central") filed its Motion for relief from the automatic stay on the property commonly known as 610 Overland Drive, Henderson, Nevada (the "Property").

3.     On October 15, 2009, the Debtor filed its Motion for Entry of Order Authorizing the Use of Cash Collateral and Affording Adequate Protection (the "Cash Collateral Motion").  A hearing on the Cash Collateral Motion was held November 17, 2009.  The Cash Collateral Motion was granted.

## II.     LEGAL ARGUMENT

4.     Motion seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) based on a stated lack of equity in the property.  However, the Motion appears to analyze the lift stay request in terms of a case under chapter 7 of the Bankruptcy Code and fails to consider elements of Section 362(d)(2)(B).

5.     In the Cash Collateral Motion, the Debtors state their intention to rent the Property and produce income from the Property.  The Property is necessary reorganization of the Debtors.

6.     The Cash Collateral Motion seeks approval to expend funds on the upkeep and maintenance of the Property.  The Cash Collateral Motion estimates that the Property will produce $915.40 per month in rental income in excess of the necessary upkeep expenses.  The Debtor proposes to pay to Central the states $915.40 per month as adequate protection payments.

7.     Pursuant to Section 362(d)(2) of the Bankruptcy Code, the stay may be lifted for cause including the lack of adequate protection.  Here, Central is adequately protected and the Property is necessary for effective reorganization.

### III. CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an Order denying Central's Motion for relief from the automatic stay.

DATED this 4th day of December, 2009.

                                      TIMOTHY S. CORY & ASSOCIATES

                                      */s/ Adam P. Bowler*
                                      Timothy S. Cory
                                      Adam P. Bowler
                                      8831 West Sahara Avenue
                                      Las Vegas, Nevada 89117

                                      Attorneys for the Debtors